UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JEREMY PEARSON | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:17-cv-00485 |
| | ) | JUDGE CRENSHAW |
| CORRECTIONS CORPORATION OF AMERICA, et al. | ) | |
| Defendants.[1] | ) | |

# **M E M O R A N D U M**

The Plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America, the corporate entity under contract to operate the MDCDF[2]; Feleg Amaniel, a guard at the facility; Todd Thomas, Warden of the MDCDF; and two other members of the Warden's staff; seeking injunctive relief and damages.

In June, 2016, Officer Amaniel allegedly used a broom stick to sexually assault the Plaintiff. A nurse examined the Plaintiff after the assault. An internal investigation of the incident determined that the Plaintiff's claim was unfounded. *Id.* at pgs. 9-10. Nevertheless, a criminal investigation of

---

[1] The Corrections Corporation of America has rebranded its corporate enterprise under the name of CoreCivic.

[2] According to the Complaint, the Plaintiff has named "CCA facility" as a defendant. At first blush, this would suggest that the Plaintiff is suing the MDCDF, a building that can not be sued under § 1983. <u>Grimmett v. Wilson County Jail</u>, 2015 WL 787228 (M.D. Tenn.); <u>Staggs v. Lewis County Jail</u>, 2009 WL 3877682 (M.D. Tenn.). However, among the attachments that arrived with the Complaint, the Plaintiff has named additional defendants, including the Corrections Corporation of America, along with specific claims against those defendants.

1

the incident by law enforcement appears to be ongoing.

The Plaintiff alleges that the assault occurred because a shortage of staff created an unsafe environment. *Id.* at pgs. 17 and 21. The Plaintiff further claims that the defendants are at fault because he was not transferred to another housing unit during the investigation (*Id.* at pg. 19), the defendants did not fully cooperate with the investigation ("CCA has tried to cover this up by withholding evidence in criminal investigation and telling lies ...")(*Id.* at pg. 16), an inexperienced nurse was allowed to conduct the post-assault examination (*Id.* at pg. 20)[3], and he was placed in segregation for three days without a blanket. *Id.* at pg. 17.

To establish a claim under 42 U.S.C. § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Prison officials have a duty to protect inmates from violence at the hands of others. Farmer v. Brennan, 511 U.S. 825, 833 (1994)(prison officials must take reasonable measures to guarantee the safety of inmates). Logically, a shortage of staff can create an unsafe environment for both staff and inmates alike. An unsafe environment suggests that the Corrections Corporation of America, and perhaps even Warden Thomas, have been deliberately indifferent to the health and safety of those prisoners in their custody. Thus, the Plaintiff has stated a claim for relief from these particular defendants.

The Plaintiff has sued Officer Amaniel for his alleged misconduct in his official capacity only. *See* Doc. No. 1 at pg. 2. Because the Plaintiff in an official capacity action seeks damages not

---

[3] Apparently, this is an issue because the nurse found no sign of trauma to Plaintiff's rectal area during her examination. Doc. No. 1 at 11.

from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the Plaintiff's claim of a sexual assault is a claim against the Corrections Corporation of America rather than against Officer Amaniel himself. As a consequence, the official capacity claim against Officer Amaniel shall be dismissed.

The Plaintiff asserts that the defendants are liable for failing to assign him to another housing unit during the criminal investigation, for failing to fully cooperate with the investigation, for allowing an inexperienced nurse to examine him after the assault, and for allowing him to be placed in segregation for three days without a blanket.

None of these allegations suggest a violation of the Plaintiff's constitutional rights. The Plaintiff has no right to be transferred to a housing unit of his choice. *See* Olim v. Wakinekona, 461 U.S. 238, 245-46)(a prisoner has no constitutional right to be confined in a particular institution or to enjoy a particular classification). Nor does he have a right requiring the defendants to cooperate with the investigation, provide him with a more experienced nurse when there has been no claim that he was injured by the medical staff then in place, or that the lack of a blanket in segregation for three days during the summer months in any way caused him harm.[4]

The claim of an unsafe environment brought about by a staffing shortage is a matter that should be developed further and can best be answered by Corrections Corporation of America and Warden Thomas. The remaining claims against the remaining defendants do not withstand

---

[4] While the Plaintiff complains about being placed in segregation, he acknowledges that his placement there was because he "was not wanting to be around Amaniel". Doc. No. 1 at 33.

preliminary review and will be dismissed. 28 U.S.C. § 1915(e)(2).

    An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE